UNITED STATES

v.

Santos GOMEZ

No. Crim.A. 98–362–07.

United States District Court,
E.D. Pennsylvania.

Aug. 14, 2000.

Arnold R. Silverstein, Wilson & Silverstein, Philadelphia, PA, Robert E. Welsh, Jr., Lisa A. Mathewson, Welsh & Recker, Philadelphia, PA, for Roberto Gonzalez.

Jonathan Sobel, Law Offices Benjamine S. Friedman, Cherry Hill, NJ, Gina M. Cerone, Philadelphia, PA, for Gilberto Perez.

Ruben A. Rodriguez, Philadelphia, PA, James F. Brose, Media, PA, for Isreal Paniagua.

Patricia A. McKinney, Philadelphia, PA, for Luis Lozado.

Treva Hall Melvin, Melvin & Melvin, PC, West Chester, PA, for Efrain DeJesus-Torres.

Jeremy H. Gonzalez Ibrahim, Law Offices of Jeremy H. Gonzalez Ibrahim, Philadelphia, PA, for Jesus Malave-Rodriguez.

Guillermo L. Bosch, Collegeville, PA, for Santos Gomez.

Def. Assoc., Philadelphia, PA, Carlos A. Martir, Philadelphia, PA, Nicols Veliz, New York, NY, for Ivan Torres.

Charles J. Cunningham, Stack & Gallagher, P.C., Philadelphia, PA, Gina M. Cerone, Philadelphia, PA, Elizabeth K. Ainslie, Schnader, Harrison, Segal & Lewis, LLP, Philadelphia, PA, for Benjamin Mejias.

Jose A. Muniz, New York, NY, for Carlos Ivan Llera–Plaza.

Michael Giampietro, Philadelphia, PA, L. Felipe Restrepo, Krasner and Restrepo, Philadelphia, PA, for Wilfredo Martinez Acosta.

Gerald A. Stein, Philadelphia, PA, Philip J. Degnan, Law Offices of Philip J. Degnan, Philadelphia, PA, for Victor Rodriguez.

Thomas R. Perricone, U.S. Attorney's Office, Philadelphia, PA, for U.S.

## MEMORANDUM

POLLAK, District Judge.

This opinion concerns a motion by Santos Gomez to sever his case from a multi-defendant trial that is scheduled for September 25, 2000. Mr. Gomez currently has four co-defendants: Frank Cacerez,[1] Victor Rodriguez, Carlos Ivan Llera–Plaza, and Wilfredo Martinez–Acosta.[2] According to the Fifth Superseding Indictment, which was filed on December 22, 1999, Mr. Gomez is charged with conspiracy to distribute cocaine and cocaine base (Count 1), with distributing cocaine (Count 11), and with distributing cocaine within 1000 feet of a public elementary school (Count 14).

Of Mr. Gomez's co-defendants, Mr. Cacerez, Mr. Rodriguez, and Mr. Llera–Plaza are charged with participating in the same drug conspiracy of which Mr. Gomez was an alleged member (Count 1). Mr. Rodriguez, Mr. Llera–Plaza, and Mr. Martinez–Acosta are also charged with conspiracy to commit murder in aid of racketeering activity (Count 22),[3] with three counts of murder in aid of racketeering activity

(Counts 23, 29, and 30), with conspiracy to use interstate commerce facilities to commit murder-for-hire (Count 24), with using interstate commerce facilities to commit murder-for-hire (Counts 25 and 26),[4] and with carrying firearms in relation to a crime of violence (Count 28). Mr. Gomez has not been charged with any of these last eight counts.

On November 9, 1999, Mr. Gomez moved to sever his case from that against his co-defendants under the then-current Third Superseding Indictment. On June 2, 2000, Mr. Gomez filed a "Supplemental Motion for Severance" concerning the Fifth Superseding Indictment; this motion noted that the government had advised Messrs. Llera–Plaza, Martinez–Acosta, and Rodriguez of its intention to seek the death penalty against them in the event that they were convicted at trial. And finally, on June 7, 2000, Mr. Gomez filed a "Second Supplemental Motion for Severance," which further observed that the government had moved for an anonymous jury and for heightened security restrictions at trial.

In seeking to have his trial severed from that of his co-defendants, Mr. Gomez presents two arguments. First, he claims that his case was misjoined under Federal Rule of Criminal Procedure 8, which reads as follows:

(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count if the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected to-

---

**1.** Mr. Cacerez is not presently in custody; thus, it is unclear whether he will stand trial with his co-defendants on the currently-scheduled date.

**2.** This case originally contained thirteen named defendants, but the eight not named in the text have pled guilty.

**3.** The "racketeering activity," in this case, is the conspiracy to distribute cocaine and cocaine base charged in Count 1.

**4.** Under Count 25, Mr. Rodriguez was charged with causing others to travel in interstate commerce. Count 26 charged Messrs. Llera–Plaza and Martinez–Acosta with traveling in interstate commerce themselves.

gether or constituting parts of a common scheme or plan.

(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in one count.

With respect to Rule 8(a), Mr. Gomez's memorandum of November 9, 1999 correctly asserts that the crimes with which he is charged—drug conspiracy and drug distribution—are not "of the same or similar character" as commission of and conspiracy to commit murder, with which three of Mr. Gomez's co-defendants are charged. The government asserts that Mr. Gomez's drug violations were, pursuant to Rule 8(a)'s last sentence, "connected together" by "a common scheme" with his co-defendants' murder and conspiracy violations. This asserted connection is supported by allegations that the murder conspiracy's intended targets were competitors of the defendants' drug organization, such that, according to the government, the alleged murders were simply undertaken to further the drug activities of various of the co-defendants.

Mr. Gomez responds that, even if the alleged drug distribution network were of a "common scheme" with the alleged murders for those of his co-defendants who allegedly designed and implemented the murder conspiracy, such common purposes should not be counted against Mr. Gomez because he was not a party to this alleged overarching scheme, or to the allegedly murderous portion thereof. On the contrary, Mr. Gomez was only charged with selling and conspiring to sell drugs; he is not alleged to have known, or to have constructively known, about his co-defendants' alleged conspiracy to commit murder. According to Mr. Gomez, the murder conspiracy was operationally and, therefore, legally independent of the drug conspiracy, despite the fact that each of the alleged conspiracies aimed to benefit persons—namely, Messrs. Rodriguez and Llera–Plaza—who were participants in both.

■ The above Rule 8(a) issues concerning joinder of offenses need not be resolved in the case at bar, however, because the government has independently demonstrated that joinder was justified under Rule 8(b), which concerns joinder of defendants. In this case, Mr. Gomez is charged with participation in a conspiracy to sell drugs—the same drug conspiracy charged against three of his co-defendants. Thus, for purposes of Rule 8(b), the government has claimed that Mr. Gomez "participated in the same . . . series of acts or transactions" as Messrs. Cacerez, Rodriguez, and Llera–Plaza. The fact that Mr. Gomez's cooperation with these co-defendants did not also extend to the alleged commission of and conspiracy to commit murder is irrelevant because, under Rule 8(b), "all of the defendants need not be charged in each count." Therefore, Rule 8(b) provides adequate legal support for the government's decision to charge Gomez jointly with three of his four co-defendants.[5]

---

5. The fourth co-defendant, Mr. Martinez–Acosta, has not been charged as a member of the alleged drug conspiracy, but his presence in this case also does not create problems under Rule 8(b). Since Mr. Gomez and Mr. Martinez–Acosta did not participate in any common transaction, they presumably could not have been charged together under Rule 8(b) had they been the only defendants in this case. But Mr. Martinez–Acosta and Mr. Gomez were not the only charged defendants.

On the contrary, the Fifth Superseding Indictment charged Mr. Martinez–Acosta jointly with, inter alia, Mr. Rodriguez and Mr. Llera–Plaza, who were his alleged collaborators in the murder conspiracy, and this decision was unquestionably proper under Rule 8(b). And, as explained in the text, Mr. Gomez was also properly charged jointly with, inter alia, several co-defendants, who were his alleged collaborators in the drug conspiracy. Thus, the

■ Mr. Gomez's second argument is that, even if his case was properly joined with that of his co-defendants, this court should sever his case under Rule 14 to avoid prejudicial joinder. Rule 14 provides that "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants ... or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires...." Although the exercise of Rule 14 discretion is necessarily a case-specific undertaking, the relevant legal analysis is to weigh the judicial efficiency of a joint trial against possible prejudice against the party seeking severance, bearing in mind this circuit's general rule that defendants indicted together should be tried together when substantial evidence and comparable levels of culpability appear in the cases to be joined. *See United States v. Eufrasio*, 935 F.2d 553, 568 (3rd Cir.1991).

■ Although there could conceivably be some efficiency gained by a proceeding that tried Mr. Gomez jointly with his co-defendants, those benefits are significantly diluted by the fact that several of the other defendants are, in large part, being tried for different crimes than those alleged against Mr. Gomez. Apart from the potential prejudice—which is discussed below—caused by aggregating Mr. Gomez's case with the case against his current co-defendants, the differences between Mr. Gomez and the other defendants in this case may also increase the complexity of the proposed joint trial in terms of introducing evidence, composing jury instructions, and presenting a coherent case as to each defendant for the jury effectively to evaluate. In circumstances where defendants' actions and culpability significantly overlap, a joint trial can produce important gains in a trial's efficiency and coherence. In the present case, however, it seems that trying Mr. Gomez with his current co-defendants would, at best, present only a marginal advance in judicial efficiency.

With respect to the issue of prejudice, it would be manifestly unfair if a factfinder were to impute criminal liability against Mr. Gomez based on illegal actions committed pursuant to conspiracies with which Mr. Gomez himself was not charged. And it seems that the factfinder in the present case would be hard-pressed to distinguish adequately between the two legally distinct conspiracies—to commit murder and to distribute drugs—at issue, since the government plans to offer certain identical overt acts as evidence of both crimes, and since two of Mr. Gomez's four remaining co-defendants are alleged to have been members of both conspiracies. In the present case, where the most serious conspiracy charge is one with which Mr. Gomez has not been charged, the risk of juror confusion in disentangling the two conspiracies seems peculiarly high and the potential prejudicial impact of such confusion seems significant. The risks at issue are appreciably higher than the possibility of such "spillover effect" inherent in an ordinary joint prosecution.[6] The structure of the government's case, combined with the seriousness of the conspiracy that has not been charged against Mr. Gomez, increases both the likelihood and the impact of guilt's being transferred to Mr. Gomez

decision to charge Mr. Martinez–Acosta and Mr. Gomez jointly does not violate Rule 8(b).

**6.** The government asserts that a presumption in favor of joint trials operates most strongly in conspiracy cases, citing *United States v. Sandini*, 888 F.2d 300, 307 (3d Cir.1989), and *United States v. Jackson*, 649 F.2d 967, 973 (3d Cir.1981), because the government's proof in such cases necessarily relies on showing a connection between conspirators, which often may be achieved most effectively through a joint trial. However, the cases that the government cites involved only one charged conspiracy—not two, as is the case here. Since the potential difficulties in the present case— both regarding judicial efficiency and the possibility of prejudice—derive precisely from the challenge of fairly evaluating two alleged conspiracies, with overlapping members, the principles in *Sandini* and *Jackson* do not govern the case at bar.

from his co-defendants, such that severance seems appropriate under Rule 14.

Another factor in evaluating prejudicial joinder under Rule 14 is whether evidence may be introduced in the joint trial that would not be admissible against Mr. Gomez if he were tried alone. The government asserts that all of the evidence to be presented against Mr. Gomez's co-conspirators would also be admissible against him if he were tried separately, since the allegedly murderous acts of Mr. Gomez's co-defendants are also alleged "overt acts" with respect to the drug conspiracy. On its face, however, this argument seems difficult to accept, in that one of the defendants charged in the conspiracy to commit murder—Mr. Martinez–Acosta—is not even charged in the drug conspiracy. Thus, it is not evident that all potentially incriminating evidence that might be brought against Mr. Martinez–Acosta in a joint trial could also be brought against Mr. Gomez if he were tried separately. Since there appears to be some non-negligible, though as yet unquantified, risk that, if Mr. Gomez were tried jointly with his co-defendants, evidence of a peculiarly grave nature not properly admissible against him would "spill over" and unfairly prejudice Mr. Gomez's defense, Rule 14 severance seems warranted.

For the foregoing reasons, Mr. Gomez's motion to sever his case, which primarily concerns alleged drug offenses, from the case against his co-defendants, which primarily concerns alleged murders for hire, is granted.